MICHAEL, Circuit Judge,
concurring:
I concur in the court’s opinion and in the conclusion that “the North Carolina Court of Appeal’s determination ... is not unreasonable” under current Supreme Court precedent. Ante at 12. I write separately to express my concern about what I see as a very troubling case that would have benefitted from clearer guidance as to how the Confrontation Clause applies to the out-of-court statement of a child witness who is unavailable to testify because of her very young age.
I.
Donald Blount was convicted in North Carolina state court of the rape and sexual molestation of a child and sentenced to prison for 28 to 34 years. His conviction was based largely on the hearsay testimony of two child therapists who assembled an account of events after multiple interviews with S.F., the three- to four-year-old victim. The victim was referred to the first of these therapists by law enforcement and social services personnel after their own interview failed to produce any evidence. The state acknowledges that at least one purpose of the referral was to obtain evidence against Blount. The therapists, of course, were under a legal duty to report any evidence of abuse they uncovered. See N.C. Gen.Stat. §§ 7B-301, 302(e). At trial both therapists recounted S.F.’s description of the assault from her therapy sessions. At no point did Blount have an opportunity to cross-examine S.F., the child declarant.
II.
In Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court held that “[w]here testimonial evidence is at issue ... the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination.” However, the Court explicitly “le[ft] for another day any effort to spell out a comprehensive definition of ‘testimonial.’ ” Id. Instead, the Court held that “at a minimum” the term “testimonial” covers police interrogations and “prior testimony at a preliminary hearing, before a grand jury, or at a former trial.” Id. The Court also listed the following formula *277 tions of the “core class of ‘testimonial statements’
ex parte in-court testimony or its functional equivalent — that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially, [2] extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions, [and][S] statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for tise at a later trial.
Id. at 51-52, 124 S.Ct. 1354 (emphasis added) (internal citations omitted).
It was on the third, most general formulation that the North Carolina Court of Appeals based its conclusion that S.F.’s statements to her therapists were not testimonial. State v. Blount, No. COA05-134, 2005 WL 3289256, 2005 N.C.App. LEXIS 2606, slip op. at 13-14 (2005) (unpublished) (“A reasonable three or four year old in the victim’s situation would not have had any reason to know that her statements would be used at a subsequent trial.”). In light of the lack of specificity of the third-formulation in Crawford, I agree with my colleagues that the North Carolina Court of Appeals’ decision is not an unreasonable one. However, had the North Carolina court reached the opposite conclusion, a federal habeas court could easily have held that to be reasonable as well. See United States v. Bordeaux, 400 F.3d 548, 556 (8th Cir.2005) (concluding that a child’s statements during a “forensic interview” were testimonial because the purpose of the interview was “to collect information for law enforcement” about the alleged sexual abuse); Anderson v. State, 833 N.E.2d 119, 125 (Ind.Ct.App.2005) (investigative intent of questioner rendered child’s statements testimonial). This opposite conclusion is reasonable because Crawford’s imprecise rule provides little guidance for applying the Confrontation Clause in the specific case of a child declarant’s statement to therapists serving an investigative function for law enforcement. Cf. Crawford, 541 U.S. at 52,124 S.Ct. 1354 (“Statements taken by police officers in the course of interrogations are also testimonial under even a narrow standard.”).
Furthermore, the limited amount of additional direction provided by the Supreme Court since Crawford does not necessarily cut in favor of the North Carolina Court of Appeal’s decision. In Davis v. Washington, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), the Court held that statements to law enforcement personnel were not testimonial when “circumstances objectively indicat[e] that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency,” but are testimonial when “the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.” Id. at 822, 126 S.Ct. 2266. The Court thus held that statements made in a 911 call during an ongoing domestic disturbance were not testimonial, whereas statements made to police officers after a domestic disturbance were testimonial because there was no immediate danger. In distinguishing the questioning during the event in the 911 call from that in Crawford (post-event), the Court noted several factors it considered important. First, the 911 call described events “as they were actually happening, rather than ‘describing] past events.’ ” Id. at 827, 126 S.Ct. 2266 (emphasis in original). Second, statements made in the 911 call were made while the *278 declarant was “facing an ongoing emergency,” rather than “reporting] a crime absent any imminent danger.” Id. Third, the questions asked by the 911 operator were “necessary to be able to resolve the present emergency, rather than simply to learn (as in Crawford) what had happened in the past.” Id. (emphasis in original). Finally, there was a “difference in the level of formality between the two interviews.” Id. When the Davis factors are applied to S.F.’s statements in this case, it would be reasonable to conclude that they are testimonial. Her statements described past events and were not made during an ongoing emergency. The therapists’ questions, meanwhile, were asked in a formal environment (a medical office) and for the (partial) purpose of learning about past abuse.
Of course, neither Davis nor any other Supreme court case touches directly on the issue presented here — whether a child’s statements to therapists who will report to law enforcement are testimonial. Moreover, the purposeful generality of Davis and Crwwford leaves us without answers to crucial questions. For instance, it is unclear whether the declarant’s age should be taken into account (as it was in this case) in an objective analysis of whether statements are testimonial. The appropriate question may be whether a “reasonable three or four year old” would believe that her therapists were gathering evidence for a possible trial, see State v. Blount, No. COA05-134, 2005 WL 3289256, slip op. at 13-14, or it may be whether an objective, competent witness would reasonably believe that to be the case, see Crawford, 541 U.S. at 53, 124 S.Ct. 1354. In addition, Crawford and Davis fail to provide guidance as to the weight to be given to the interrogator’s purpose in conducting an interview.
Because Crawford and Davis provide only generalized guidance for situations beyond their specific facts, the North Carolina Court of Appeals’ decision is reasonable essentially by default. But the specific facts of this case present an especially close question and demonstrate why the inferior courts, including this one, are in need of additional guidance. S.F., a three- or four-year-old child, was interviewed on several occasions by therapists who served, at least in part, as proxies for law enforcement. The first of these therapists was solicited by law enforcement, and both were expected to relay any description by S.F. of Blount’s alleged assault to the Department of Social Services, which, in turn, would relay it to the District Attorney’s Office. At trial both therapists recounted S.F.’s description of the assault as part of the state’s case-in-chief. Yet, despite this close link between S.F.’s therapists and law enforcement, her statements were treated as non-testimonial by the North Carolina Court of Appeals.
On the one hand, we must be mindful of the practical challenges facing a court presented with the proffered (out-of-court) statement of a very young child who is allegedly the victim of a heinous crime. On the other, we must be mindful of the consequences of vitiating the Confrontation Clause right in any case involving the statement of a child deemed too young to understand the criminal justice system. The latest signal from the Supreme Court suggests that the Sixth Amendment right to confrontation remains a powerful one. See Melendez-Diaz v. Massachusetts, — U.S. - , 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009). Nevertheless, the lack of direction for dealing with today’s facts leaves us without leeway to disagree with the North Carolina court and recognize the right.